IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEPOSITORS INSURANCE COMPANY    )
    )
    Plaintiff,    )   Cause No.:  1:14-cv-00034-SNLJ
    )
v.    )
    )
HALL'S RESTAURANT, INC.    )
    )
    Defendant.    )

**PLAINTIFF DEPOSITORS INSURANCE COMPANY'S MOTION TO RECOVER PAYMENT TO MORTGAGEE, ATTORNEY FEES, AND EXPENSES**

COMES NOW Plaintiff, Depositors Insurance Company ("Depositors"), by and through the undersigned counsel, and for its Motion to Recover Payment to Mortgagee, Attorney Fees and Expenses, states as follows:

1.    Plaintiff filed a Complaint for Declaratory Judgment against Defendant, seeking a judgment in its favor that no coverage existed under Policy No. ACP BPFD 7204960878 for reasons including that the fire at issue was intentionally set by Carolyn Hall or someone at her direction.  In this declaratory judgment action, Plaintiff also sought to recover all of its costs, expenses and attorney fees.  (See Complaint).

2.    On May 7, 2014, the jury in this case returned a verdict in favor of Plaintiff and against Defendant.  The jury specifically found that the fire was intentionally set by Carolyn Hall or someone at her direction.

3.    As a result of Defendant's intentional burning of the restaurant, Plaintiff has been forced to incur attorney fees and expenses in prosecuting the declaratory judgment action and defending against the counterclaim filed by Defendant.

4.     In addition, on June 25, 2012, pursuant to the terms of the insurance policy, Plaintiff also issued payment to the mortgagee in the amount of One Hundred Eighty Nine Thousand Six Hundred Twenty Nine Dollars and Sixteen Cents ($189,629.16).  The Court will recall that evidence as to Plaintiff's payment to the mortgagee was introduced without objection at trial.  Further, there is no dispute as to the amount of Plaintiff's payment to the mortgagee – the parties stipulated and agreed to same.

5.     Under Missouri law, attorneys' fees and expenses are recoverable by a successful party in a declaratory judgment action. Employers Mutual Insurance Company v. Tavernaro, 21 F.Supp.2d 1039 (E.D.Mo. 1998); Allstate Insurance Company v. Estes, 118 F.Supp.2d 968 (E.D.MO 2000); Preferred Risk Mutual Ins. Co. v. Main, 295 F.Supp. 207, (W.D.Mo. 1968) (citing Bernheimer v. First Nat'l Bank of Kansas City, 225 S.W.2d 745 (Mo. 1950); see also Collins v. Jenkins, 821 S.W.2d 892 (Mo.App. 1992) (award of attorneys' fees proper in declaratory judgment action).

6.     Under the American Rule, "absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his own attorney's fee." David Ranken, Jr. Technical Institute v. Boykins, 816 S.W.2d 189, 193 (Mo. 1991).  However, "special circumstances" is an exception to the American Rule.  DCW Enterprises, Inc. v. Terre du Lac Ass'n, Inc., 953 S.W.2d 127, 132 (Mo.App. 1997).  Both federal and state courts in Missouri recognize that "intentional misconduct by a party" is such a "special circumstance."  Id. Tavernaro, Estes.  See also, Windsor Ins. Co. v. Lucas, 24 S.W.3d 151, 156 (Mo.App.E.D. 2000).

7.     A party may recover special damages necessarily incurred solely by reason of the intentional misconduct of the opposing party.  Such expenditures may properly include the

2

professional aid of an attorney to mitigate damages and avoid future losses. Employers Mutual Casualty Company v. Tavernaro, 21 F.Supp.2d 1039 (E.D.Mo. 1998), citing Miller v. Higgins, 452 S.W.2d 121 (Mo. 1970), (holding that an award of expenses, costs and attorneys' fees is proper where there are "special circumstances" such as a single misrepresentation in the claim).

8.      Additionally, where it is found that an insured has engaged in fraud regarding a claim or coverage under a policy of insurance, the insurer is entitled to recover and recoup the amount of its payment to the mortgagee. Allstate Insurance Company v. Estes, 118 F. Supp.2d 968, 974. (E.D. Mo. 2000) (applying Missouri law and holding that the insurer was entitled to recover payment made to mortgagee and attorney's fees, where insured engaged in fraud);  See also Employers Mutual Casualty Company v. Tavernaro, 4 F.Supp.2d 868 (E.D.Mo. 1998); Perovich v. Glens Falls Ins. Co., 401 F.2d 145, 147 (9th Cir.1968) (allowing insurer to recover $10,268.35); Parasco v. Pac. Indem. Co., 920 F.Supp. 647, 657 (E.D.Pa.1996) (allowing insurer to recover $172,011.54);  Michalski v. Farmers Ins. Co., 2001 WL 63181 (Wash. App. Div 2, 2001); 6 John Alan Appleman & Jean Appleman, Insurance Law & Practice, sec. 4010 at 750 & n. 68 (revised ed., 1972).

9.      The legal fees that have been incurred by Depositors for services rendered through May 7, 2014 total $109,049.50.

10.      Depositors has also incurred expenses in the amount of $34,927.12, (excluding taxable costs).

11.      As stated above, on June 25, 2012, Depositors also issued payment to the mortgagee in the amount of One Hundred Eighty Nine Thousand Six Hundred Twenty Nine Dollars and Sixteen Cents ($189,629.16), which it is entitled to recover and recoup in light of jury's determination that the fire was intentionally set by Carolyn Hall or at her direction.

3

12.     In further support of its recovery and recoupment of attorney fees, expenses, and payment to the mortgagee, the Affidavit or Stacy Lage of Depositors Insurance Company and the Affidavit of Robert L. Brady, counsel for Plaintiff, with attachments, are attached hereto and incorporated by reference herein as Exhibits A and B respectively.

WHEREFORE, Plaintiff Depositors Insurance Company prays that this Honorable Court grant its Motion to Recover Payment to the Mortgagee, Attorney Fees and Expenses, and declare that:

A. Plaintiff is entitled to recovery and recoupment of its attorneys' fees incurred, which total $109,049.50 as of May 7, 2014;

B. Plaintiff is entitled to recovery and recoupment of $34,927.12 in expenses incurred as of May 7, 2014;

C. Plaintiff is entitled to recovery and recoupment of the One Hundred Eighty Nine Thousand Six Hundred Twenty Nine Dollars and Sixteen Cents ($189,629.16) payment to the mortgagee;

D. The total amount due and owed to Plaintiff from Defendant is $333,605.78;

E. Plaintiff is entitled to such other and further relief as this Court deems just and proper under the circumstances, including leave to further supplement this Motion with supporting documentation as the Court may deem necessary.

Respectfully Submitted,

**BROWN & JAMES, P.C.**

/s/ Robert L. Brady
Robert L. Brady, #47522MO
rbrady@bjpc.com
Stacey R. McCullough, #65023MO
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 – Fax
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system this 20th day of May, 2014, to: **Mr. Michael J. Hackworth**, Hackworth, Ferguson, & Thompson, LLC, 1401 North Main, Suite 200, Piedmont, MO 63957, *Attorney for Defendant.*

/s/ Robert L. Brady