UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEPOSITORS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14CV34 SNLJ |
| | ) | |
| HALL'S RESTAURANT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Plaintiff Depositors Insurance Company filed this declaratory judgment action seeking a determination of whether defendant is entitled to insurance coverage under a fire loss policy issued by plaintiff. Following a jury trial, judgment was entered in favor of plaintiff. This matter is before the Court on plaintiff's motion to recover payment to mortgagee, attorney fees, and expenses. Defendant filed its response opposing the motion. Plaintiff has not filed a reply and the time for doing so has expired. This matter is ready for disposition. For the reasons set forth below, plaintiff's motion will be granted in part and denied in part.

**I.     Background**

On March 19, 2012, a fire occurred at Hall's Restaurant in Ellington, Missouri. Following the fire, Carolyn Hall, owner of Hall's Restaurant, presented a claim to plaintiff under a commercial property insurance policy seeking to recover insurance benefits for the fire damage. After an investigation of the claim, plaintiff denied coverage on the grounds that the fire was intentionally set by, or at the direction of,

Carolyn Hall. Pursuant to the terms of the insurance policy, on June 25, 2012, plaintiff issued payment to the mortgagee in the amount of $189,629.16. On September 24, 2012, plaintiff filed the instant action seeking a judicial determination of the rights and obligations of the parties to the insurance contract. On May 7, 2014, a jury verdict was returned in favor of plaintiff. Thereafter, plaintiff filed its motion seeking recovery and recoupment of attorney's fees, expenses, and the payment made to the mortgagee.

## II. Discussion

Plaintiff seeks attorney's fees in the amount of $109,049.50 incurred over the course of this litigation. Under the American Rule, "parties are required to pay their own attorney's fees unless an award of fees is authorized by statute." *Kelly v. Golden*, 352 F.3d 344, 352 (8th Cir. 2003). Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, there is no provision for the award of attorney's fees. However, "attorney's fees may be awarded under 28 U.S.C. § 2202 where such an award is authorized by applicable state law for comparable actions." *Cedar Hill Hardware and Const. Supply, Inc. v. Insurance Corp. of Hannover*, 4:04CV743 DJS, 2006 WL 2862145, at *3 (E.D. Mo. Oct. 4, 2006) (quoting *Am. Family Ins. Co. v. Dewald*, 597 F.2d 1148, 1151 (8th Cir. 1979).[1]

In declaratory judgment proceedings under Missouri law, "the court may make such award of costs as may seem equitable and just." Section 527.100 RSMo. An award

---

[1] *Cedar Hill* notes that there appears to be conflicting law in the Eighth Circuit on this issue but the Eastern and Western Districts of Missouri have followed the approach in *Dewald*. 2006 WL 2862145, at *3; see also, *Handi-Craft Co. v. Travelers Cas. and Sur. Co. of America*, 4:12CV63 JCH, 2012 WL 1432566, at *4 (E.D. Mo. April 25, 2012) (finding that in a declaratory judgment action, courts in the Eastern and Western Districts of Missouri have followed the approach adopted in *Dewald* and looked to Missouri law to determine whether attorney's fees should be allowed).

of costs under this provision, however, does not automatically include attorney's fees. *Smith v. City of St. Louis*, 395 S.W.3d 20, 26 (Mo. banc 2013). Instead, attorney's fees may be awarded as costs in a declaratory judgment proceeding where special circumstances exist. *Id.* The special circumstances "exception is narrow, strictly applied, and does not apply every time two litigants maintain inconsistent positions." *Goellner v. Goellner Printing*, 226 S.W.3d 176, 179 (Mo. App. E.D. 2007).

Plaintiff contends that intentional misconduct by a party is a special circumstance justifying an award of attorney's fees. In response, defendant argues that circumstances that would permit an award of attorney's fees are not present in this case. The parties cite to cases on both sides of this issue including *Employers Mut. Cas. Co. v. Tavernaro,* 21 F.Supp.2d 1039 (E.D. Mo. 1998), *Allstate Ins. Co. v. Estes,* 118 F.Supp.2d 968 (E.D. Mo. 2000), and *Wells v. Farmers Alliance Mut. Ins. Co.*, 2:07CV36 ERW, 2009 WL 2836502 (E.D. Mo. Aug. 28, 2009). This Court has reviewed these district court orders, and the case law upon which they rely, as well as numerous other cases addressing this issue. This Court finds that this case is more properly aligned with the ruling in *Allstate Ins. Co. v. Estes* in which the Court awarded attorney's fees to the insurer in a declaratory judgment action in connection with a fraudulent fire damage claim. *Estes*, 118 F.Supp.2d at 974. In that case, the Court ruled that there was no coverage under the insurance policy because the insured was found to be responsible for the fire. *Id.* Based on the fraud, the Court held that special circumstances existed justifying the award of attorney's fees. *Id.*

Based on the facts of this case, this Court finds special circumstances are present to justify an award of attorney's fees. In finding for plaintiff, the jurors necessarily found intentional misconduct by the defendant's representative with regard to the fire. The verdict director stated:

> On Plaintiff's claim for declaratory judgment, your verdict must be for Plaintiff Depositors Insurance Company and against Defendant Halls' Restaurant, Inc. if you believe that the March 19, 2012 fire was intentionally set by Carolyn Hall or at her direction, or with her knowledge or consent.

This intentional misconduct necessitated plaintiff bringing this declaratory judgment action to protect itself from the fraudulent claim. As a result, the intentional misconduct on behalf of the insured directly caused plaintiff to incur the claimed attorney's fees. This Court finds that these facts constitute special circumstances justifying an award of attorney's fees. Further, this Court finds that the requested attorney's fees are reasonable. On this issue, plaintiff's motion will be granted and plaintiff will be awarded attorney's fees in the amount of $109,049.50 as requested.

In addition to attorney's fees, plaintiff contends that under Missouri law expenses are recoverable by a successful party in a declaratory judgment action. Plaintiff claims expenses incurred in the amount of $34,927.12 but does not provide any detail or explanation in its motion as to the claimed expenses. Instead, plaintiff submits a stack of invoices from its attorneys for services rendered in this matter. Defendant points out that plaintiff's expenses, as gleaned from the invoices, include mediation fees and expert witness fees in the amount of $24,178.50, which it contends are not allowed by section 527.100 RSMo.

Section 527.100 RSMo does not specify what costs are permitted. Missouri courts that have considered similar statutes that do not delineate what costs are permitted have found that they do not authorize expert witness expenses as costs. *Wells v. Farmers Alliance Mut. Ins. Co.*, 2:07CV36 ERW, 2009 WL 2836502, at *12, (E.D. Mo. Aug. 28, 2009). Additionally, plaintiff has not cited any Missouri cases supporting an award of mediator fees as an expense under section 527.100 RSMo. To the contrary, in *Wells*, the Court rejected an argument that mediator fees should be included as an expense under section 527.100 RSMo. *Id.*

Based on the foregoing, this Court will deny plaintiff's request for expenses to the extent it requests mediation fees and expert witness fees. As to the remaining expenses in the amount of $10,748.62, plaintiff has not provided this Court with any detail or explanation in its motion as to what expenses are claimed. Instead, plaintiff's motion merely states that it is claiming "incurred expenses in the amount of $34,927.12 (excluding taxable costs)" and submits a stack of invoices. This Court will not wade through the invoices to determine what expenses, if any, may be recoverable. Plaintiff's request for expenses will be denied.

Finally, plaintiff claims that where an insured has engaged in fraud regarding a claim or coverage under a policy of insurance, the insurer is entitled to recover and recoup the amount of its payment to the mortgagee. Defendant points out that plaintiff did not plead a claim for reimbursement of the mortgage payment but only requested a "set-off" in the event that judgment was entered in favor of defendant. Defendant argues that because plaintiff did not plead the claim, it was deprived of any opportunity to

5

present this fact to the jury and the jury was not made aware that their verdict may result in a claim against defendant for the mortgage payment. Further, defendant argues that because it had no notice of the claim, it was unable to prepare for the claim and it affected its trial strategy. Defendant alleges it would not have stipulated that the jury be advised of the mortgage payment without being made aware there was a chance that defendant would have to reimburse plaintiff for the payment. Defendant argues that because the jury was given the impression that the mortgage was paid, it might have affected the jurors' sense of equities in determining their verdict in this case. Defendant has provided ample reasons why it has been prejudiced by plaintiff's failure to plead the claim. On this basis, defendant's claim for reimbursement of the mortgage payment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to recover payment to mortgagee, attorney's fees, and expenses (ECF #87) is **GRANTED in part** and **DENIED in part**. As to the request for attorney's fees, plaintiff's motion is granted and plaintiff is awarded $109,049.50 for attorney's fees. The remaining requests for expenses and payment to mortgagee are denied as set forth in this memorandum and order.

Dated this 1st day of July, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE