UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14CV34 SNLJ |
| ) | |
| HALL'S RESTAURANT, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Depositors Insurance Company filed this action seeking a judicial determination of whether defendant Hall's Restaurant, Inc. was entitled to insurance coverage under a fire loss policy issued by plaintiff. On May 7, 2014, a jury verdict was returned in favor of plaintiff. On July 1, 2014, this Court granted plaintiff's motion for attorneys' fees and expenses incurred by plaintiff in prosecuting this lawsuit. Defendant has not paid plaintiff the attorneys' fees and expenses awarded to plaintiff. Plaintiff thus filed a motion to pierce the corporate veil of defendant Hall's Restaurant, Inc., in order to obtain satisfaction of the judgment from defendant's owner, Carolyn Hall.

**I. Background**

On March 19, 2012, a fire occurred at Hall's Restaurant in Ellington, Missouri. Following the fire, Carolyn Hall, owner of Hall's Restaurant, presented a claim to plaintiff under a commercial property insurance policy seeking to recover insurance benefits for the fire damage. After an investigation of the claim, plaintiff denied coverage on the grounds that the fire was intentionally set by, or at the direction of,

Carolyn Hall. On September 24, 2012, plaintiff filed the instant action seeking a judicial determination of the rights and obligations of the parties to the insurance contract. On May 7, 2014, a jury verdict was returned in favor of plaintiff. Thereafter, plaintiff sought attorneys' fees in the amount of $109,049.50 incurred over the course of this litigation under 28 U.S.C. § 2202 and § 527.100 RSMo. This Court granted plaintiff's motion for attorneys' fees because the intentional misconduct on behalf of the insured directly caused plaintiff to incur the claimed attorneys' fees.

The defendant, however, has not paid any portion of that judgment. Plaintiff has attempted to execute on the assets of defendant, but defendant does not possess sufficient assets to cover the $109,049.50 debt. Plaintiff therefore seeks to hold Carolyn Hall --- defendant's President, sole director, and 99.99% shareholder --- personally liable for plaintiff's judgment against defendant Hall's Restaurant. Defendant opposes the motion. No reply memorandum has been filed, and the time for doing so has passed.

## II. Discussion

As a general rule, "a corporation is regarded as a separate entity, distinct from the members who compose it. Such entity, though, will be disregarded when it appears the corporation is controlled and influenced by one or a few persons and in addition, that the corporate cloak is utilized as a subterfuge to defeat public convenience, to justify wrong, or to perpetrate fraud." *Krajcovic v. Krajcovic*, 693 S.W.2d 884, 886–87 (Mo. Ct. App. 1985).

In order to "pierce the corporate veil" and hold the corporation's owner personally liable, a plaintiff must show the following:

2

> 1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> 2) Such control must have been used by the corporation to commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> 3) The control and breach of duty must proximately cause the injury or unjust loss complained of.

*66, Inc. v. Crestwood Commons Redevelopment Corp.*, 998 S.W.2d 32, 40 (Mo. banc 1999). Of course, piercing the corporate veil is "the exception rather than the rule." *Hibbs v. Berger*, 430 S.W.3d 296, 307 (Mo. Ct. App. 2014).

It is undisputed that Carolyn Hall completely controls Hall's Restaurant as its 99.99% owner, sole officer and director. Carolyn Hall also makes all the strategic and business and legal decisions for the company. With respect to the second factor --- that the control must have been used to commit fraud or a wrong --- plaintiff maintains that Carolyn Hall has already been adjudged to have intentionally set fire to Hall's Restaurant in order fraudulently to obtain insurance proceeds. Plaintiff also argues that defendant's undercapitalization --- which is again controlled by Ms. Hall --- resulted in defendant not being able to pay the judgment against it. As for the third factor, whether the individual's control of the corporation and the unjust act proximately caused the injury, this Court already held that

> This intentional misconduct necessitated plaintiff bringing this declaratory judgment action to protect itself from the fraudulent claim. As a result, the intentional misconduct on behalf of the insured directly caused plaintiff to incur the claimed attorney's fees.

3

(#93 at 4.)

Defendant responds that Carolyn Hall and her now-deceased husband incorporated Hall's Restaurant , Inc. in 2001 for the purposes of running and operating a restaurant, and that they did so for 11 years. Ms. Hall is unable to work and receiving Social Security disability, so she has been unable to operate the business or input capital. Defendant insists that piercing the corporate veil is inappropriate because it says Ms. Hall did not use the corporate structure here with the intent to defraud a creditor by undercapitalizing the business. However, the fact of undercapitalization is but one of several avenues through which to establish the second prong of the test, that is, the commission of a fraud or a wrong. *Swall v. Custom Auto. Services, Inc.*, 831 S.W.2d 237, 240 (Mo. Ct. App. 1992) ("Examples of such wrongs as would satisfy ... [the second prong of the test] include actual torts, violations of statutory duties, undercapitalization, or the stripping of assets from the subservient corporation."); *see also Real Estate Inv'rs Four, Inc. v. Am. Design Group Inc.*, 46 S.W.3d 51, 58 (Mo. Ct. App. 2001) (noting that undercapitalization is "circumstantial evidence tending to show either an improper purpose or reckless disregard of the rights of others.").

As this Court has stated, "[a]lthough Missouri law does not take the action of piercing the corporate veil lightly, when a corporation is so dominated by a person as to be a mere instrument of that person, and indistinct from the person controlling it, the court will disregard the corporate form if its retention would result in injustice." *Koenig v. Bourdeau Constr. LLC*, 4:13CV00477 SNLJ, 2016 WL 6138627, at *3 (E.D. Mo. Oct.

21, 2016).  Ultimately, although the Halls may have operated the restaurant appropriately for some time, the jury concluded Carolyn Hall burned (or directed the burning of) the restaurant in order to collect the insurance proceeds.  She then caused the corporation to file the fraudulent insurance claim, causing the insurance company's injury.  Now the corporation is unable to pay the Judgment against it.  Because retention of the corporate form here would result in injustice, the Court will grant plaintiff's motion to pierce the corporate veil.  Plaintiff shall file a proposed judgment with the Court within seven days.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to pierce the corporate veil is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall file a proposed judgment with the Court no later than June 9, 2017.

Dated this   2nd   day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE